lml

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PETER IRELAND, et al, )
)
Plaintiffs, )
v. )
) Case No. 07-4082-JAR
)
ROBERT L. DODSON, SR., et al., )
)
Defendants. )
)

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO ALLOW EXPERT TESTIMONY**

This matter is before the Court on defendants' motion to allow expert testimony (Doc. 16) during the August 29, 2007 hearing on plaintiffs' objection to removal and motion for remand to state court. For the reasons set forth in detail below, defendants' motion is granted, with certain limitations.

***Background***

Plaintiffs filed suit against defendants in Franklin County, Kansas, relating to the sale of aircraft and related parts. Defendants removed the matter (Doc. 1) on the basis of federal question jurisdiction, on the grounds that plaintiffs' claims relate to the international sale of aircraft, such that the claims are federal questions under the United Nations Convention on International Interests in Mobile Equipment Act 2005 ("Cape Town Convention"). Defendants also contend that plaintiffs' claims relate to the airworthiness of the aircraft, such that the claims are federal questions under 49 U.S.C. § 40101. Plaintiffs subsequently filed an objection to removal and motion for remand to state court (Doc. 2), as well as a motion to dismiss certain

defendants (Doc. 13).

On July 18, 2007, defendants requested the Court to entertain oral argument on the motion to remand and, if necessary motion to dismiss. Because both parties agreed that oral argument was appropriate, and because the Court considered oral argument an opportunity to assist the Court in its understanding of the Cape Town Convention and how it applies to this case, the motion was granted and a hearing date was set for August 2, 2007. No mention of evidence or expert testimony was made in the motion requesting oral argument.

On July 26, 2007, defendants filed the instant motion to allow expert testimony. Defendants propose to have Richard Asper, a lawyer and Chairman of the Aviation Professionals Group in Florida, testify about the scope and application of the Cape Town Convention, provided that the proper foundation is laid to establish his expertise in this specialized area. Plaintiffs have objected to Asper's testimony. The hearing on the motion to remand and motion to dismiss was continued until August 29, 2007, to permit the Court to consider the parties' submissions on the propriety of Asper's testimony.

***Discussion***

The Court has broad discretion in deciding whether to admit expert testimony.[1] Fed. R. Evid. 702 provides that a witness who is qualified by knowledge, skill, experience, training or education may testify in the form of opinion or otherwise as to scientific, technical or other specialized knowledge if such testimony will assist the trier of fact to understand the evidence or to determine a fact in issue, "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the

[1]*Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) (citation omitted).

principles and methods reliably to the facts of the case."[2]

The proponent of expert testimony must show "a grounding in the methods and procedures of science which must be based on actual knowledge and not subjective belief or unaccepted speculation."[3] In order to determine whether an expert opinion is admissible, the Court performs a two-step analysis. "[A] district court must [first] determine if the expert's proffered testimony . . . has 'a reliable basis in the knowledge and experience of his discipline.'"[4] Second, the district court must further inquire into whether the proposed testimony is sufficiently "relevant to the task at hand."[5]

> A trial court must look at the logical relationship between the evidence proffered and the material issue that evidence is supposed to support to determine if it advances the purpose of aiding the trier of fact. Even if an expert's proffered evidence is scientifically valid and follows appropriately reliable methodologies, it might not have sufficient bearing on the issues at hand to warrant a determination that it has relevan[ce] . . . .[6]

It is within the discretion of the trial court to determine how to perform its gatekeeping function under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[7] The most common method for fulfilling this function is a *Daubert* hearing, although such a process is not specifically mandated.[8]

---

[2]Fed. R. Evid. 702.

[3]*Mitchell v. Gencorp Inc.*, 165 F.3d 778, 780 (10th Cir. 1999).

[4]*Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (quoting *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 592 (1993)).

[5]*Id*. (quoting *Daubert*, 509 U.S. at 597).

[6]*Bitler v. A. O. Smith Corp.*, 391 F.3d 1114, 1121 (10th Cir. 2004).

[7]*Goebel v. Denver and Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

[8]*Id*.

Fed. R. Evid. 704 provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, the Tenth Circuit has held that "[w]hile testimony on ultimate facts is authorized under Rule 704, the committee's comments emphasize that testimony on ultimate questions of law is not favored."[9] In *Specht v. Jensen*, the plaintiff sought damages under 42 U.S.C. § 1983 for searches of his home and office, which he alleged were invalid.[10] The plaintiff's counsel proffered as a witness an attorney whom he intended to give "'a hypothetical of the facts that are in evidence in this case.'"[11] He proposed to ask the attorney witness whether he believed that a search of plaintiff's home and business took place and whether, based on the same facts in evidence, those searches were consensual.[12] In reversing the district court's admission of the expert testimony, the Tenth Circuit explained that the line between admissible and inadmissible evidence regarding legal issues is narrow.[13] Expert testimony is admissible so long as "the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function."[14]

There is a well-recognized exception to the aforementioned general rule, however, for

---

[9]*Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (en banc); *see also Simmons Foods, Inc. v. Capital City Bank*, 58 Fed. App'x 450, 453 (10th Cir. 2003) (explaining the "report was inadmissible as it addressed a question of law, rather than fact, and therefore encroached on the domain of the judge.").

[10]*Specht*, 853 F.2d at 806.

[11]*Id*.

[12]*Id*.

[13]*Id*. at 809.

[14]*Id*. at 809-10.

questions of foreign law, where the court may be aided by the expert's assistance.[15] Defendants contend that "a treaty, involving the United States and other countries, is certainly akin to, if not tantamount to, a question regarding foreign law."[16]

The federal question jurisdiction statute extends to cases arising under the Constitution, laws or treaties of the United States.[17] In applying this statute, two principal questions must be determined: (1) what body of laws are within the concepts of the Constitution, laws or treaties of the United States; and (2) the relationship of a case to that body of laws so that the case may be said to arise under those laws.[18]

Plaintiffs' motion for remand asserts, with scant discussion and analysis, that neither the Cape Town Convention nor the air commerce and safety statute applies to the transaction in question. Defendants' response attempts to summarize the treaty, and attaches it as a voluminous exhibit. Neither party cites to any case law discussing or analyzing the Cape Town Convention, and the Court's independent research has resulted in a few articles discussing its general overview and effect.[19] Highly summarized, the purpose of the Cape Town Convention is to facilitate aircraft financings by bringing a consistent system of creditors' rights and remedies to ratifying nations that do not have legal systems as comprehensive as in the United States, and

---

[15]*See* Fed. R. Civ. P. 44.1 which states, in part, "The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."

[16](Doc. 16 at 3.)

[17]28 U.S.C. § 1331.

[18]AMJUR FED. COURTS § 889.

[19]*See, e.g.*, Paul B. Erickson, *A Primer on Private Aircraft Purchases and Financing after Cape Town,* 60 CONSUMER FIN. L.Q. REP. 702 (2006).

to establish an international registry operated on an electronic basis.[20] The Cape Town Convention deals only with the financing terms, not purchase and sale terms.[21] It applies to transactions involving (1) Aircraft Objects if either (a) it is registered in a Treaty country; or (b) the debtor is situated in a Treaty country at the conclusion of the transaction and (2) the transaction is concluded after March 1, 2006.[22]

It is unclear to the Court, based on what little information it has, how the treaty, which appears to establish a registry to protect creditors' rights, applies to this case. Accordingly, the Court concludes that defendants' expert witness should be allowed to testify regarding the existence and nature of the Cape Town Convention applicable to the facts of this case, provided that the proper foundation is laid to establish his expertise in this area. Asper's testimony should stop short, however, of offering an opinion on the ultimate legal issue of whether this Court has federal question jurisdiction. Likewise, plaintiffs may also call any qualified expert to testify at the hearing if they so chose.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motion to allow expert testimony (Doc. 16) is GRANTED, with the limitations as set forth above.

IT IS SO ORDERED.

Dated this 22nd day of August, 2007.

---

[20]*Id.*

[21]*Id.*

[22]*Id.*

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

*Ireland et al. v. Dodson, et al.*, 07-4082-JAR, Memorandum and Order Granting Defendants' Motion to Allow Expert Testimony

7