lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PETER IRELAND, et al, )<br>)<br>    Plaintiffs, )<br>  v. )<br>)<br>)<br>ROBERT L. DODSON, SR., et al., )<br>)<br>    Defendants. )<br>_____) | Case No. 07-4082-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' Second Motion to Dismiss Certain Defendants (Doc. 37). Defendants move pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6) for dismissal of Dodson International, Dodson International Parts, Inc., Dodson International Parts SA, Dodson Aviation, Inc., Dodson Aviation Services, and Nion LLC ("moving defendants"), arguing that only Dodson Services, Inc. and Robert L. Dodson, Sr. were parties to the agreement with plaintiffs, that two of the named defendants are not legal entities and that one defendant is a South African corporation having no contacts with the State of Kansas.[1] Because moving defendants present the Court with materials outside the First Amended Complaint in support of their motion to dismiss based on Rule 12(b)(6), the Court will convert that part of their motion into a motion for summary judgment and allow all parties an opportunity to present all material made pertinent by Rule 56. Further, for the reasons set forth in detail below, moving defendants'

---

[1] Plaintiffs have not filed a response to this motion to dismiss within the twenty-three day period that applies to dispositive motions under D. Kan. Rule 6.1(d)(2). Instead, they request the Court to accept their prior response to the first motion to dismiss and supporting memorandum as being responsive to the instant second motion to dismiss (Doc. 70), because the motions to dismiss are nearly identical. Because moving defendants do not object, the Court grants plaintiffs' motion, and thus declines to grant the motion to dismiss based on D. Kan. R. 7.4. as previously requested by defendants in a letter to the Court dated April 16, 2008.

motion to dismiss pursuant to Rule 12(b)(2) is denied without prejudice.

## I.     Background

Plaintiffs Peter Ireland, Flightlog Pty Ltd., and Coda Superannuation Fund, ATF, brought this lawsuit against defendants Robert L. Dodson, Sr., Dodson International, Dodson International Parts SA, Dodson's Services, Inc. d/b/a Dodson Services, Inc., Dodson Aviation, Inc., Dodson Aviation Services, and Nion, LLC relating to the sale of aircraft and related parts. In their First Amended Complaint to Recover Down Payments or Enforce Agreement for Purchase of Aircraft and Other Relief, plaintiffs assert several claims, including fraud, constructive fraud, conversion, breach of contract, breach of warranty, breach of covenant of good faith and fair dealing, and injunctive relief.[2] Plaintiffs refer collectively to defendants Robert L. Dodson, Sr. and the "related entities" as "Dodson."

The First Amended Complaint alleges jurisdiction and venue as follows:

> 2. Robert Dodson is a resident of Franklin County, Kansas, exercises effective control over all named defendant entities, the entities work cooperatively and in concert, and Dodson maintains no less than two places of business in said county, as well as one in Johnson County, and one in Pretoria, South Africa.
>
> 3. Dodson's Services, Inc., aka "Dodson Services, Inc." has its registered office at 3182 Marshall Rd, Ottawa, Kansas, does business in Kansas by its resident agent Robert L. Dodson, Sr.; Dodson Aviation, Inc., does business out of Rantoul, Kansas; Dodson International Parts, Inc., does business out of Rantoul, Kansas, is registered to do business in Kansas, and appoints a resident agent in Kansas;
>
> 4. Dodson International Parts SA does business in Kansas, advertises on the internet in Kansas for sale, thousands of aircraft parts and avionics physically located near Rantoul, Franklin

---

[2]Plaintiffs' Motion for Preliminary Injunction was denied on November 1, 2007 (Doc. 52.)

> County, Kansas, and sold from there. *See* http://www.dodson.com. Nion, LLC, is registered to do business in Kansas, appoints a resident agent in Kansas, and does business in Kansas.
>
> 5. At least one of the subject aircraft, and two radios which were subjects of the contracts are located in Franklin County, Kansas. Dodson received funds (consideration for the aircraft purchase contracts) in Kansas. The defendants are all part of a common, active for-profit enterprise operating in Kansas and internationally.

Count VII of the First Amended Complaint, entitled "Corporate Veil and/or Alter-Ego Liability," states:

> 49. The several defendant corporate entities named herein were all involved in a common scheme to defraud Plaintiffs. The several defendant corporate entities named herein are under common control and ownership, act in concert, purporting to be distinct only for defensive purposes. In fact, the several entities are apparently represented as "Departments" for sale or parts and purchase and sale of aircraft in the "Contact" webpage for "Dodson International".
>
> 50. The several defendant corporate entities named herein work for common benefit, and operate with vague references to apparently self-identifying trade names "Dodson", "Dodson International", and "Dodson Services", which they share and use interchangeably. Third-parties or "customers" as it were, know only that they are doing business with "Dodson" or another of the common trade names. "Dodson Aviation Services" is widely used by various Dodson entities in their international aircraft, parts and avionics trade, and Peter Ireland communicated with it, via its representative, during the transactions for which it has been sued.
>
> 51. The named defendant corporate entities herein are commonly controlled, were commonly formed, they do not operate distinctly and independently, they have common ownership, and they do not bargain at arms length with one another. Upon information and belief, and based upon public representations by Robert L. Dodson regarding the Zimbabwe Affair, Dodson Aviation, Inc., is a parent company of Dodson International Parts SA, and Dodson International.
>
> 52. Robert L. Dodson, Sr., maintains an intimate and dominating

> relationship with the named defendant corporate entities herein such that recognition of the corporate character of such entities would result in injustice. The named defendant corporate entities herein lack appreciable distinction under law such that the corporate entities should be disregarded and the assets of all the named Defendants should be held to account for the liabilities, in all counts alleged herein, incurred by the acts and omissions of Robert L. Dodson, Sr., and the instrumentalities operated under his influence in a common scheme and sometimes also referred to as "Dodson", "Dodson International", "Dodson Services" and otherwise.
>
> 53. By failure to meet their obligations without just cause or excuse, some or all of the named defendants are proving to be under-capitalized.
>
> WHEREFORE, Plaintiff further prays that the corporate entities be disregarded, and that any judgment herein be granted against all named defendants in joint and several liability, and for further relief as the Court may deem just and equitable.

## II.  Discussion

Moving defendants ask the Court to dismiss plaintiffs' claims against moving defendants because they did not have any involvement with the sales transaction at issue. Moving defendants also seek to dismiss Dodson International and Dodson Aviation Services because they are not legal entities. Finally, moving defendants ask the Court to dismiss plaintiffs' claims against Dodson International Parts SA on the basis of lack of personal jurisdiction over that defendant because it is a South African company that does not conduct business in the State of Kansas.

### *Rule 12(b)(2) Standard*

"The burden of establishing personal jurisdiction over the defendant is on the plaintiff."[3]

---

[3] *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

4

It is well settled that the court may consider affidavits and other written materials in resolving a motion made pursuant to Rule 12(b)(2).[4] When the evidence presented on the motion to dismiss consists of affidavits and other written materials, as is the case here, the plaintiff need only make a prima facie showing of personal jurisdiction.[5] "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[6] "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable."[7] The court "must resolve all factual disputes in favor of the plaintiff."[8]

### *Rule 12(b)(6) Standard*

The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face,"[9] or when an issue of law is dispositive.[10] The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.[11] The

---

[4] *Id.* at 1295-96.

[5] *Id.*

[6] *OMI Holdings, Inc.v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[7] *Id.* (quotation omitted).

[8] *Bell Helicopter Textron*, 385 F.3d at 1295.

[9] *Bell Atlantic Corp. v. Twombly*, —U.S.—, 127 S.Ct. 1955, 1974 (2007); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[10] *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[11] *Bell Atlantic*, 127 S.Ct. at 1964-65.

court must accept the facts alleged in the complaint as true, even if doubtful in fact,[12] and view all reasonable inferences from those facts in favor of the plaintiff.[13]  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."[14]  The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[15]

Under Fed. R. Civ. P. 12(b), if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Considering matters outside the pleadings on a motion to dismiss without converting it to a motion for summary judgment may be grounds for reversal unless dismissal would be justified anyway based on the complaint alone.[16]

### A.   Involvement in Transaction

Moving defendants contend that instead of differentiating between what actions or inactions were taken by the eight named defendants, plaintiffs for the most part lump all defendants together.  The documents attached to the First Amended Complaint make mention only of defendants Robert L. Dodson, Sr. and Dodson Services, Inc., who are not moving

---

[12]*Id.* at 1965.

[13]*Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

[14]*Bell Atlantic*, 127 S.Ct. at 1965 (citations omitted).

[15]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

[16]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

defendants in the instant motion to dismiss. Moving defendants argue that there is no connection between any of them and the transaction at issue in this lawsuit. In support of their motion to dismiss, moving defendants submit affidavits executed by Robert L. Dodson, Sr. and Robert L. Dodson, Jr., in which they aver that none of the moving defendants had any involvement in the transaction at hand. They also aver that Dodson Services, Inc. is the only named entity for which Dodson, Sr. Was acting in regard to the issues raised in the Complaint and that Dodson, Jr. has never spoken with plaintiffs regarding this transaction nor do any of his businesses have any involvement. Neither affidavit is accompanied by supporting documentation. In their consent to plaintiffs' motion to accept their prior response (Doc. 71), moving defendants refer to plaintiff Peter Ireland's testimony at the hearing on the temporary restraining order, and attach a transcript from that hearing.

Moving defendants' motion effectively disregards plaintiffs' allegation that they were the alter egos of defendant Robert L. Dodson, Sr. and/or Dodson Services, Inc., which requires a determination of additional facts. Both parties have also used matters outside of the pleadings to bolster their arguments, although neither attaches specific documents or evidence regarding the nature of moving defendants' business organization and/or relation to defendants Dodson, Sr. and Dodson Services, Inc. The Court will convert moving defendants' motion to dismiss on the issue of whether moving parties were involved in the action at issue into a motion for summary judgment.

### B.    Legal Entities

Moving defendants contend that both Dodson International and Dodson Aviation Services are unincorporated associations. "It is the general rule to which this jurisdiction has

long adhered, that in the absence of a statute to the contrary, an unincorporated association is not a legal entity and can neither sue nor be sued in the name of the association."[17]  Moving defendants argue that Dodson International and Dodson Aviation Services are not legal entities, but do not identify what type of organization they are.  Moving defendants support their claim by way of affidavits prepared by Robert Dodson, Sr. and Robert Dodson, Jr., attached to their memorandum in support of dismissal.  Plaintiffs argue that both are business entities of some sort and attach copies of Dodson International's website.

The Court will convert moving defendants' motion to dismiss on the issue of legal existence into a motion for summary judgment.  Both parties have used matters outside of the pleadings to bolster their arguments on legal existence and capacity.  Moreover, a determination of legal existence requires additional facts.[18]

### C.    Personal Jurisdiction

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which [the defendant] has established no meaningful 'contacts, ties, or relations.'"[19]  To obtain personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.[20]  "Because the Kansas long-arm statute is construed liberally so as to

---

[17] *The Bradbury Co., Inc. v. Teissier-duCros*, 387 F. Supp. 2d 1167, 1176 (D. Kan. 2005) (quotation omitted).

[18] *Id.* (citing *Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996)).

[19] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

[20] *Pro Axess, Inc. v. Orlux Distrib'n, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005).

allow jurisdiction to the full extent permitted by due process, we proceed directly to the constitutional issue."[21]

"A]n analysis of whether a court's exercise of specific personal jurisdiction comports with the Due Process Clause is a two-step inquiry."[22] First, "[t]he minimum contacts necessary for specific personal jurisdiction may be established where the defendant has purposefully directed its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."[23] Second, if the defendant's actions create sufficient minimum contacts, the court then considers "whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice."[24]

In determining whether a defendant has established sufficient minimum contacts with the forum state, the court examines whether the defendant purposefully availed itself of the privilege of conducting activities within the forum state.[25] "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum."[26] This requirement of purposeful availment precludes jurisdiction

---

[21]*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998); *accord Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994).

[22]*Pro Axess*, 428 F.3d at 1276.

[23]*Trujillo v. Williams*, 465 F.3d 1210, 1218 (10th Cir. 2006) (quotations and citations omitted).

[24]*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quotations omitted).

[25]*Pro Axess, Inc.*, 428 F.3d 1277.

[26]*Id.* (quotation omitted).

9

as the result of random, fortuitous, or attenuated contacts with the forum.[27]  "The touchstone of a minimum contacts analysis is whether 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'"[28]  "In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation."[29]

According to the affidavit of Robert Dodson, Sr., Dodson International Parts SA is a South African corporation, of which he has a 25% ownership interest; Robert Dodson, Jr. has a 51% ownership interest in the company and Marius Van Staden has a 24% ownership interest. Dodson International Parts SA's relevant contacts with the state of Kansas involved assisting in preparing one of the Boeing 727's purchased by plaintiffs for ferrying, per the request of Dodson Services, Inc.  Robert Dodson, Sr. further avers that Dodson International Parts SA "has at no point in time transacted business in the State of Kansas."  Plaintiffs counter that Dodson International Parts SA is a division of Dodson Aviation, Inc., which is registered to do business in Kansas.  Plaintiffs also contend that Dodson International Parts SA transacted business and entered into contracts in Kansas through Dodson Aviation, Inc., its alter ego, and cooperated with other moving defendants in taking actions with respect to the aircraft in violation of a temporary restraining order.

A corporation that transacts business through the instrumentality of an alter ego

---

[27] *Bell Helicopter Textron, Inc.v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004).

[28] *Benton*, 375 F.3d at 1078 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

[29] *Calder v. Jones*, 465 U.S. 783, 788 (1984).

corporation is subject to service for causes of action arising therefrom.[30]  K.S.A. § 60-308(b) permits service of process on a non-resident corporation that has in the forum state an affiliated corporation that has transacted business or entered into contracts at the direction of or for the benefit of the non-resident corporation.  If Dodson International Parts SA is the alter ego of Dodson Aviation, Inc., then its contacts would be attributable to it, for purposes of personal jurisdiction.[31]

The Court finds that for purposes of the instant motion to dismiss, plaintiffs have established a prima facie case of jurisdiction, a very minimal burden at this point in the litigation. Moreover, because the nature of the relationship between Dodson International Parts SA and the other defendants is intertwined with the issues relating to the merits raised in the context of Rule 12(b)(6), the Court finds it prudent to deny moving defendants' motion without prejudice to raise again in the context of summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion that Court Accept Prior Response as Responsive to Certain Defendant's Second Motion to Dismiss (Doc. 70) is GRANTED;

**IT IS FURTHER ORDERED** that moving defendants' Second Motion to Dismiss Certain Defendants (Doc. 37) pursuant to Rule 12(b)(6) is converted to a motion for summary judgment.  Moving defendants shall have until June 30, 2008, the deadline for dispositive motions, to present all material made pertinent to such a motion by Fed. R. Civ. P. 56; all relative response and reply deadlines shall flow from that date.  Moving defendants' motion

---

[30]*See Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974).

[31]*See B-S Steel of Kan., Inc., v. Tex. Indus. Inc.*, 229 F. Supp. 2d 1209, 1219 (D. Kan. 2002) (citation omitted).

brought pursuant to Rule 12(b)(2) regarding personal jurisdiction over Dodson International Parts SA is DENIED without prejudice.

IT IS SO ORDERED.

Dated this 1st day of May 2008.

                                                S/ Julie A. Robinson  
                                                Julie A. Robinson  
                                                United States District Judge