lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PETER IRELAND, et al,                    )
                                         )
            Plaintiffs,                  )
      v.                                 )
                                         )   Case No. 07-4082-JAR
                                         )
ROBERT L. DODSON, SR., et al.,           )
                                         )
            Defendants.                  )
_____)

## MEMORANDUM AND ORDER
## DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

This matter is before the Court on plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 99) to add a party as well as a claim for punitive damages. Defendants have filed a response opposing plaintiffs' motion to amend. This case is currently set on the Court's March 17, 2009 trial calendar and there are two dispositive motions that are under advisement.

Although plaintiffs seek leave to amend their Complaint for the second time to add IAL Corporation as a party as well as a claim for punitive damages, the Pretrial Order entered July 31, 2008,[1] supersedes all pleadings and controls the subsequent course of the case.[2] "When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial."[3] Accordingly, the Pretrial Order supersedes the Amended Complaint, and the Court analyzes plaintiffs' motion as a motion

---

[1](Doc. 77.)

[2]*See* Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c).

[3]*Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting *Expertise Inc., v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987)); Fed. R. Civ. P. 16(e).

to amend the Pretrial Order.

Under Rule 16(e) of the Federal Rules of Civil Procedure, a pretrial order "may be modified 'only to prevent manifest injustice.'"[4] "The party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur."[5] The decision to modify the pretrial order lies within the trial court's discretion.[6] In exercising that discretion, the court should consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of the party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[7] In applying these factors, the paramount concern must be to assure "the full and fair litigation of claims."[8] The timing of the motion to amend in relation to commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise.[9]

The Court first notes that plaintiffs did not act in a timely manner in seeking to assert either the punitive damage claim or to add IAL Corporation as a defendant. Plaintiffs' deadline to file a motion for leave to amend the pleadings was October 29, 2007.[10] The instant motion seeking leave to add a claim and defendant is made one year after that deadline. Plaintiffs asserted a claim for fraud and constructive fraud in their Petition filed in Franklin County

---

[4]*Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).

[5]*Id*. at 1208.

[6]*Id*.; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citation omitted).

[7]*Koch*, 203 F.3d at 1222 (citations omitted).

[8]*Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

[9]*Davey*, 301 F.3d at 1210-11.

[10](Doc. 40 at 8.)

District Court on June 13, 2007, and removed to this Court on June 26, 2007.[11]  Consequently, plaintiff was aware of the evidentiary basis for the amendment to add a claim for punitive damages from the outset of this litigation, long before the pretrial conference in July 2007 and over sixteen months before the filing of the instant motion to amend on October 29, 2008. Likewise, plaintiffs were aware of the evidentiary basis for adding IAL, Corporation as a defendant at a minimum since May 2, 2008, when they deposed Dodson, Jr.  This date was also long before the pretrial conference held July 30, 2008 and long before the instant motion filed October 29, 2008.

Plaintiffs' argument that its amendment will prevent manifest injustice is undermined by their explanation for the delay in seeking the amendment, which they characterize as simply inadvertence.  While the Scheduling Order entered September 12, 2007 provided that the deadline to amend the pleadings was October 29, 2007, the Summary of Deadlines and Settings attached thereto mistakenly indicates that the deadline is October 29, 2008.[12]  Plaintiffs' explanation fails to acknowledge, however, that the Pretrial Order supercedes all prior pleadings, including the Scheduling Order.  Moreover, any purported reasonableness in counsel's reliance on the Summary and not the Scheduling Order itself is belied by the fact that October 29, 2008 was clearly three months *after* the deadline for the final pretrial conference and less than one month before the original trial date scheduled to begin November 18, 2008.[13]   Plaintiffs characterize their claim for punitive damages as one that "any party to a fraud case would seek,"

---

[11](Doc. 1.)

[12](Doc. 40.)

[13]The Scheduling Order was later amended to reflect that the trial is scheduled for the trailing trial calendar to begin March 17, 2009.

and assert that the admitted facts show that IAL Corporation was the owner of one of the Cessna aircraft plaintiffs allegedly contracted to purchase.  These arguments further undercut plaintiffs' asserted justification for the delay, as they were clearly aware of the factual bases upon which their requested amendments would be justified well in advance of the date they actually sought leave to amend.  Amendment is proper if the moving party shows that "the facts on which it bases its motion did not exist or could not be synthesized before" the pretrial order deadline by the exercise of diligence.[14]  Under these circumstances, the Court concludes that whatever manifest injustice plaintiffs might suffer is due to their failure to carefully and timely consider the damage claims it could assert and the parties subject to liability and their failure to timely move for amendment.[15]

"[T]he timing of the motion in relation to commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise."[16]  This case is set to proceed on the Court's March 17, 2009 trailing trial calendar, although the parties have moved for a special trial setting.  Dispositive motions have been filed, not addressing plaintiffs' claims for punitive damages or adding IAL Corporation as a defendant; in fact, these motions have been under advisement since October 2, 2008, over three weeks prior to the instant motion seeking leave to amend.  This motion was the first time plaintiffs raised the issue of asserting a claim for punitive damages.  The Court is aware that the parties discussed plaintiffs' intent to file a motion

---

[14]*Masek Distributing, Inc. v. First State Bank & Trust*, 908 F. Supp. 856, 858 (D. Kan. 1995).

[15]*See Guang Dong Lightgear Factory Co., Ltd. v. ACE Int'l, Inc.*, No. 03-4165-JAR, 2007 WL 2461610, at *2 (D. Kan. Aug. 22, 2007) (denying motion to amend complaint where pretrial order had been entered, plaintiff was aware of factual basis upon which claim for punitive damages would be justified, and dispositive motions had been filed).

[16]*Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210-11 (10th Cir. 2003).

to amend its complaint to add IAL Corporation as a defendant at the pretrial conference.[17]  As previously discussed, however, the controlling document in this case is the Pretrial Order entered July 30, 2008, which did not extend the parties' original deadline for filing motions to amend the pleadings set forth in the Scheduling Order.  Certainly, plaintiffs' attempt to inject the issue of punitive damages and an additional defendant into this lawsuit at such a late date can fairly be characterized as prejudicial, if not a surprise.

"Closely related to the prejudice and surprise factor is whether the opposing party ha[s] the ability to cure any prejudice or surprise caused by the amendment."[18]  Plaintiffs' amendment, if allowed, would require the reopening of discovery and summary judgment briefing.  The discovery deadline was extended to June 27, 2008 and the dispositive motion deadline was extended to August 13, 2008.[19]  Because plaintiffs had both the time and the opportunity to move for amendment prior to the close of discovery as well as prior to the dispositive motion deadline, the Court believes that granting plaintiffs' motion would serve only to encourage similar dilatory tactics.  Although the extent to which including the issue of punitive damages and an additional defendant would disrupt the orderly and efficient trial of this case is unclear, plaintiffs have not provided the Court with adequate justification from which the Court could find that it should allow the amendment to prevent manifest injustice.  Because plaintiffs have failed to meet their burden, the motion for leave to amend is denied.

---

[17]Plaintiffs note that defendants also discussed their intent to amend their counterclaim to add a breach on contract claim regarding two Cessna aircraft; no such motion has been filed.  There is no mention of punitive damages,

[18]*Id*. at 1211.

[19](Doc. 74.)

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 99) is DENIED.

IT IS SO ORDERED.

Dated:  February 11, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE