lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PETER IRELAND, et al,                              )
                                                   )
                          Plaintiffs,              )
          v.                                       )
                                                   )          Case No. 07-4082-JAR
                                                   )
ROBERT L. DODSON, SR., et al.,                     )
                                                   )
                          Defendants.              )
_____)

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the Motion for Stay of Execution of Judgment (Doc.

142) filed by defendants Robert L. Dodson, Sr., Dodson Services, Inc. and Nion, LLC.  On May

11, 2009, the jury entered a verdict in favor of plaintiffs on several of their claims and judgment

was entered against defendants Dodson, Sr. and Dodson Services, Inc. in the amount of

$483,500.00 and against Nion, LLC in the amount of $100,000.00 (Doc. 137).  Defendants

subsequently filed a Motion for Judgment Notwithstanding the Verdict (Doc. 138) and a Motion

for New Trial (Doc. 140), which remain pending.[1]

Defendants request the Court to enter an order staying enforcement and/or execution of

the judgment pending the resolution of the post-trial motions.  Defendants ask the Court to grant

the stay without requiring any defendant to post a bond or, in the alternative, that bond be posted

by Nion, LLC in the amount of $100,000.00 and by defendants Dodson, Sr. and Dodson

Services, Inc. in the amount of $383,500.00, which combined would cover the total amount

---

[1]As of the date of this Order, defendants' motions are not under advisement. Plaintiffs responded to defendants' motions on May 22, 2009; any reply would be due within fourteen (14) days of the response, or June 5, 2009.  D. Kan. R. 6.1(d)(1).

awarded by the jury.  Plaintiff objects to any stay being entered unless each defendant is required to post a supersedeas bond in the full amount of the judgment to provide adequate security for the judgment.

The Court is authorized pursuant to Fed. R. Civ. P. 62(d) to stay the execution of a judgment pending disposition of post-trial motions.  That rule states, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of [specified post-trial motions]."  In Rule 62(b), the conditional "may" applies to the Court's discretion of issuing the stay, not the requirement of the appropriate security.  While the Court must consider "adequate terms" for plaintiffs' security in granting the stay, it appears that the appropriate terms need not necessarily include a supersedeas bond.  That is, it is within the Court's discretion to determine whether a supersedeas bond is required to protect plaintiffs' interests.[2]

Defendants do not offer any justification for the Court granting an unsecured stay, other than to state generally that it is within the Court's discretion to do so.  In the alternative, defendant Dodson, Sr. asserts that there is doubt that he can obtain a bond in excess of $383,500.00 without being placed into insolvency.  It has been defendant Dodson Services, Inc.'s position throughout these proceedings, however, that the deposits paid by plaintiffs for the aircraft and equipment were paid to it and that it has not transferred or paid the funds to any other entity.  Plaintiff counters that defendant Dodson Services, Inc. has recently indicated its intent to file for bankruptcy protection to discharge any judgment against it.  Plaintiffs also argue that the international nature of defendants' business and their business practices justify the

---

[2] *See Am. Family Mut. Ins. Co. v. Miell*, No. C04-0142, 2008 WL 746604, at *2 (N.D. Iowa Mar. 19, 2008).

requirement of a bond.

After considering the submissions of the parties, the Court concludes that in order to preserve the status quo and safeguard plaintiffs' interest in its judgment, a supersedeas bond should be required.  In so ruling, the Court notes that the risk of adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal; that is, the post-trial motions will generally be resolved in far less time than an appeal and, therefore, the risk to plaintiffs' security is diminished.  After considering all these facts and circumstances, the Court concludes that a stay of enforcement may be granted, conditioned upon defendants Dodson Services, Inc. and Dodson, Sr., posting a supersedeas bond in the amount of $383,500.00 and Nion, LLC posting a supersedeas bond in the amount of $100,000.00, pending disposition of the pending post-trial motions.  The Court finds that such bonds will provide adequate security to plaintiffs pending resolution of the post-trial motions, as there will be bonds in place to cover the total amount awarded by the jury, for which defendants are jointly and severally liable.  In so ruling, the Court makes no judgment regarding what bond may be appropriate to obtain a stay pending any appeal.[3]

**IT IS THEREFORE ORDERED** that defendants' Motion to Stay Execution of Judgment pursuant to Fed. R. Civ. P. 62(b) (Doc. 142) is GRANTED, on the condition that defendants Dodson, Sr. and Dodson Services, Inc. post a supersedeas bond in the amount of $383,500.00 and defendant Nion, LLC post a supersedeas bond in the amount of $100,000.00, within two (2) business days of the date of this Order.

---

[3]*See* Fed. R. Civ. P. 62(d); D. Kan. R. 62.2.

3

IT IS SO ORDERED.

Dated:  <u>May 29, 2009</u>

<u> S/ Julie A. Robinson             </u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE