lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PETER IRELAND, et al, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 07-4082-JAR |
| ROBERT L. DODSON, SR., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On June 22, 2009, this Court approved supersedeas bonds in the amount of $383,500 from defendants Robert L. Dodson, Sr. and Dodson Services, Inc., and in the amount of $100,000 from defendant Nion, LLC, and granted defendants' Motion to Stay Execution of Judgment pursuant to Fed. R. Civ. P. 62(b), pending disposition of the post-trial motions only (Doc. 163). In so ruling, the Court stressed that it made no judgment regarding what bond may be appropriate to obtain a stay pending appeal pursuant to Rule 62(d) and D. Kan. Rule 62.2.

On March 26, 2010, this Court entered an Order addressing the post-trial motions, in which judgment remained against Dodson Services, Inc., but setting aside the judgment against Dodson, Sr. and Nion, LLC (Doc. 173). An Amended Judgment against Dodson Services, Inc. was entered in the amount of $421,500.00, plus prejudgment interest at the rate of 10% per annum from May 25, 2007, through May 12, 2009 (Doc. 174). This matter is before the Court on Dodson Services, Inc.'s Motion for Partial Stay of Execution of Amended Judgment (Doc. 173), seeking a stay of execution only to the amount of $383,500, with plaintiffs being free to execute on portions of the Amended Judgment above that amount. Dodson Services, Inc. asks that the

post-trial bond be transformed into an appeal bond, in the amount of $383,500. In the alternative, defendant requests the Court to determine the amount of bond required in order to stay execution. Plaintiffs object to the partial stay and request the Court enter an order allowing an immediate examination of the judgment debtor pursuant to Fed. R. Civ. P. 69. Defendant does not reply.[1]

An appellant may obtain a stay of enforcement of a judgment upon the filing of a supersedeas bond that is approved by the court.[2] By local rule, the amount of the bond that must be deposited with the court is the amount of judgment, plus an additional 25% to cover interest and any damage awards for delay, unless otherwise directed by the court.[3] The bond must be filed with the court in accordance with the requirements set forth in Fed. R. Civ. P. 67 and D. Kan. Rule 67.1. Dodson Services, Inc. filed its motion within the fourteen-day automatic stay of a judgment afforded by Fed. R. Civ. P. 62(a), but prior to its recently filed Notice of Appeal.[4] Rule 62(d), however, states that "[t]he bond may be given upon or after filing the notice of appeal."[5]

Although defendant does not cite any authority in support of a partial bond as requested, the court has the discretion to stay enforcement of the judgment without the defendant filing a supersedeas bond. The factors that may be considered when exercising this discretion include:

---

[1]Defendant's response date was April 22, 2010, the day prior to filing its Notice of Appeal (Doc. 176). D. Kan. R. 6.1(d)(1).

[2]Fed. R. Civ. P. 62(d).

[3]D. Kan. R. 62.2.

[4](Doc. 176.)

[5]Fed. R. Civ. P. 62(d).

(1) the complexity of the collection process; (2) the amount of time required to obtain judgment after it is affirmed on appeal; (3) the degree of confidence in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.[6]

The Court has reviewed plaintiffs' objections as well as the above factors, and is satisfied that a supersedeas bond should be required and be tailored to insure that the judgment creditor is secured from losses that may result from a stay.[7] Practically speaking, defendant's proposal that the judgment be partially enforceable is untenable. This is further illustrated by defendants' Notice of Appeal, which seeks to appeal from the entire Amended Judgment, as well as the Court's pretrial rulings.[8] Thus, after considering the submissions of the parties, the Court concludes that a stay of enforcement may be granted, conditioned upon defendant Dodson Services, Inc. posting a supersedeas bond in the amount of the Amended Judgment, or $504,414.20,[9] plus 25% of that amount, for a total of $630,517.75, pending disposition of the

---

[6]*Dutton v. Johnson County Bd. of County Comm'rs*, 884 F. Supp. 431, 435 (D. Kan. 1995) (citation omitted). The Court advised the parties that it was not inclined to grant a partial bond unless the parties could agree and stipulate on an amount. The parties clearly could not so agree.

[7]*Lamon v. City of Shawnee, Kan.*, 758 F. Supp. 654, 656 (D. Kan. 1991), *rev'd in part on other grounds*, 972 F.2d 1145 (10th Cir. 1992).

[8](Doc. 176). Plaintiffs have filed a cross-appeal (Doc. 179).

[9]The Court uses plaintiffs' calculation of the Amended Judgment amount, which is $421,500 plus prejudgment interest at 10% per annum from May 25, 2007 until May 12, 2009 (Doc. 172).

appeal.[10]

**IT IS THEREFORE ORDERED** that defendant Dodson Services, Inc.'s Motion for Partial Stay of Execution of Amended Judgment (Doc. 173) is GRANTED in part, on the condition that defendant post a supersedeas bond in the amount of **$630,517.75 within three (3) business days of this Order**.

IT IS SO ORDERED.

Dated: April 26, 2010

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE

---

[10] The Court defers ruling on defendant's Motion for Release of Post-trial Bond (Doc. 175) and plaintiffs' Motion to Enforce Surety's Liability (Doc. 178) until such time that defendant complies with the terms of this Order.